OPINION *Page 2 
{¶ 1} Appellant Thomas E. Casey appeals the denial of his motion to withdraw his guilty plea in the Stark County Court of Common Pleas.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On September 11, 2002, the Stark County Grand Jury secretly indicted Appellant, Thomas Casey, on three counts of rape, a violation of R.C. § 2907.02(A)(1)(b). The charges stemmed from Appellant's sexual conduct with two female children less than thirteen years of age.
 {¶ 4} On September 20, 2002, Appellant was arraigned wherein he pleaded not guilty to the charges. At that time the court assigned Mr. Richard Drake as court-appointed counsel.
 {¶ 5} On September 30, 2002, Appellant obtained private counsel to represent him.
 {¶ 6} On November 1, 2002, Appellant changed his not guilty plea to guilty to the charges in the indictment. Appellant signed a Criminal Rule 11 (C) entry acknowledging his guilt and the waiver of his various constitutional rights including the right to a jury trial, right to confront witnesses and right to require the State to prove guilt beyond a reasonable doubt. Appellant also acknowledged his satisfaction with his lawyer and limited right to appeal his sentence, Plea of Guilty, attached.
 {¶ 7} The trial court accepted Appellant's guilty plea and sentenced him to life in prison for rape under count one of the indictment, and ten years in prison on counts two and three of the indictment to be served concurrent. The judgment entry indicated that *Page 3 
the sentence was approved jointly by Appellant and the prosecution. (Judgment Entry, November 2, 2002).
 {¶ 8} Also on November 1, 2002, a House Bill 180 hearing was held and Appellant was found to be a sexual predator. No direct appeal was taken by Appellant from his plea, sentence or adjudication as a sexual predator.
 {¶ 9} On July 25, 2007, Appellant, acting pro se, filed a motion to withdraw his guilty plea, arguing that he was not represented at the plea hearing by his retained counsel. Instead, his retained counsel's law associate stood in for Attorney Puterbaugh at the sentencing hearing.
 {¶ 10} On August 7, 2007, the trial court overruled his motion finding that Appellant's motion was not timely and further that his reasons did not meet the manifest injustice standard.
 {¶ 11} Appellant now appeals to this Court, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 12} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THOMAS CASEY'S RIGHT TO WITHDRAW HIS GUILTY PLEA WHEN HE WAS DENIED HIS SIXTH
AND FOURTEENTH AMENDMENT RIGHT TO COUNSEL DURING HIS CHANGE OF PLEA AND SENTENCEING [SIC] HEARING UNDER THE UNITED STATES CONSTITUTION, ARTICLEI, SECTION 10 OF THE OHIO CONSTITUTION, CRIMINAL RULE 43 AND A SENTENCE ENTRY, THAT DOES NOT SUPPORT THE RECORD OR SPEAK THE TRUTH OF WHAT OCCURRED DURING THE TWO CRITICAL STAGE HEARINGS." *Page 4 
 I. {¶ 13} In his sole assignment of error, Appellant challenges the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 14} Ohio Crim.R. 32.1 governs the withdrawal of guilty pleas and provides:
 {¶ 15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 16} This rule has been interpreted to allow the liberal withdrawal of pre-sentence guilty pleas. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. Although, as the Supreme Court noted inXie, "[o]ne who enters a guilty plea has no right to withdraw it." Id. Withdrawal of plea after sentencing is available only to correct a "manifest injustice."
 {¶ 17} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 18} Although a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. Id. In those situations where the trial court must *Page 5 
consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id.
 {¶ 19} Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" State v. Peterseim (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v.United States (C.A.9, 1963), 315 F.2d 667.
 {¶ 20} Importantly, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3393. See also State v.Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043 ([t]he length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred.)
 {¶ 21} As stated above, a trial court is vested with sound discretion to grant or deny a post-sentence motion for withdrawal of a plea.State v. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414,2003-Ohio-6962, at ¶ 7. In reaching its decision, a trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." State v. Caraballo (1985), 17 Ohio St.3d 66,67. *Page 6 
 {¶ 22} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson, Stark App. No. 2003CA00135,2004-Ohio-1569 (citing State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016). However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice.Patterson, supra (citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564).
 {¶ 23} Turning to the case sub judice, Appellant argues that the trial court abused its discretion and erred by denying his motion to withdraw his plea. According to appellant, there exists a manifest injustice necessitating withdrawal of his plea because his retained counsel's associate attended his plea and sentencing hearing instead of his retained counsel, Michael Puterbaugh.
 {¶ 24} Upon filing his motion to withdraw his plea, Appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea.
 {¶ 25} Appellant has failed to provide this Court with a transcript of the change of plea hearing as required by App.R. 9(B), which provides, in part, that `* * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. If a partial record does not conclusively support the trial *Page 7 
court's decision, it is presumed that the omitted portion provides the necessary support. In re Adoption of Foster (1985), 22 Ohio App.3d 129,131, 489 N.E.2d 1070, 1072-1073.
 {¶ 26} We can, however, review the written Plea of Guilty form signed by Appellant. The Plea of Guilty form, which was signed by Appellant on October 28, 2002, advised Appellant of his constitutional rights and his waiver of same, the maximum penalty for the offenses and the fact a lifetime imprisonment sentence would be imposed on Count One and that sentencing range for Counts Two and Three was 3, 4, 5, 6, 7, 8, 9, or 10 years. Said form states that Appellant was signing the guilty plea voluntarily and that no threats or promises had been made to him. Additionally said form stated that Appellant had been advised of these items by his attorney as well and that he had "complete confidence in my lawyer and acknowledge that he has effectively and diligently represented me."
 {¶ 27} Based on the foregoing, we find that Appellant has not met his burden of proving a manifest injustice resulting from the trial court's denial of his motion to withdraw his guilty plea filed five years after imposition of the sentence, and further find that he was not entitled to a hearing on his motion. *Page 8 
 {¶ 28} Appellant's sole assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1