[Cite as *State v. Williams*, 2013-Ohio-1387.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, :

    - vs - :

LIONELL LEE WILLIAMS, :

    Defendant-Appellant. :

CASE NO. CA2012-08-060

O P I N I O N
4/8/2013

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011-CR-00958

D. Vincent Faris, Clermont County Prosecuting Attorney, David H. Hoffmann, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Lionell Lee Williams, #A613768, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, defendant-appellant pro se

**S. POWELL, J.**

{¶ 1} A defendant sought to withdraw his guilty plea by claiming his trial counsel provided incorrect information and allowed him to plead to offenses not supported by the evidence. The trial court denied the motion without holding a hearing. Finding no ineffective assistance of counsel, or any other manifest injustice, we affirm the judgment of the trial court.

{¶ 2} Defendant-appellant, Lionell Lee Williams, pled guilty to and was convicted in

Clermont County Common Pleas Court of trafficking in cocaine with a firearm specification and a forfeiture specification. As part of the negotiated plea, two felony offenses and three specifications were dismissed. No direct appeal was taken.

{¶ 3} Approximately three months after sentencing and, acting pro se, Williams moved to withdraw his plea. The trial court issued a written decision, denying the motion without an evidentiary hearing. Williams instituted this appeal, again acting pro se. For ease of discussion, we will combine Williams' two assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED DEFENDANT'S POST-SENTENCE MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIMINAL RULE 32.1 [sic][.]

{¶ 6} Assignment of Error No. 2:

{¶ 7} TRIAL COURT ABUSED IT'S DISCRETION WHEN IT FAILED TO HOLD A HEARING PURSUANT TO CRIMINAL RULE 32.1 [sic][.]

{¶ 8} Williams claims the trial court abused its discretion in denying his motion because his plea was not knowingly, intelligently and voluntarily given. Specifically, Williams alleges his trial counsel gave him incorrect information about the possible prison term for the gun specification, and permitted him to plea to the trafficking offense and the gun specification when the evidence did not support either charge.

{¶ 9} Williams argues that he could not be guilty of the gun specification when the firearm was not in his possession at the time of the offense. Williams asserts that he was in jail in another county when police conducted a search of his residence for drugs and located his gun in a closet. Williams also claims his trial counsel incorrectly influenced his decision to plead when she told him the gun specification could carry one to three years in prison. In addition, Williams avers that a jury could have found from the evidence that he was guilty of

possession, but not trafficking.

{¶ 10} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides that a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 11} A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261(1977), paragraph one of the syllabus.

{¶ 12} In general, manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Williams*, 12th Dist. No. CA2009-03-032, 2009-Ohio-6240, ¶ 11. Under such a standard, a postsentence withdrawal motion is allowable only in extraordinary cases. *Smith* at 264; *Id*.

{¶ 13} The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe. *Williams* at ¶ 12.

{¶ 14} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *Smith*, 49 Ohio St.2d at paragraph two of the syllabus; *Williams* at ¶ 13. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002).

{¶ 15} When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the movant must show that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, he would

not have pled guilty. *See State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland* at 690.

{¶ 16} By pleading guilty, Williams waived the right to claim he was prejudiced by the ineffective assistance of counsel except to the extent that the defects complained of caused the plea to be less than knowingly, intelligently, and voluntarily made. *State v. Manis*, 12th Dist. No. CA2011-03-059, 2012-Ohio-3753, ¶ 36.

{¶ 17} It is important to note that a hearing on a postsentence motion to withdraw a plea is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. *See State v. Degaro*, 12th Dist. No. CA2008-09-227, 2009-Ohio-2966, ¶ 13.

{¶ 18} A review of the record in this case reveals that Williams did not submit a transcript necessary for this appeal. The duty to provide a transcript for appellate review falls upon the appealing party since he or she bears the burden of showing error by reference to matters in the record. *State v. Linville*, 12th Dist. No. CA2002-06-057, 2003-Ohio-818, ¶ 5; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App.R. 9; *see also* App.R. 16(A)(7). Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm. *See Knapp*; *State v. Gregory*, 12th Dist. No. CA2006-05-016, 2006-Ohio-7037, ¶ 3.

{¶ 19} Accordingly, in presuming the regularity of the proceedings in the instant case, we presume the trial court provided Williams with the proper Crim.R. 11 colloquy and correctly informed Williams of the possible prison terms for all of the offenses for which he was about to plead guilty. We are assisted in this matter by a written plea form contained in

the record. The written plea form includes the possible prison term of one year for the gun specification and is signed by Williams and trial counsel.

{¶ 20} As previously mentioned, Williams also claims his plea was not made knowingly, intelligently, and voluntarily because his trial counsel permitted him to plead guilty to trafficking and a gun specification, when he alleges the evidence would not support a conviction for those offenses. We disagree.

{¶ 21} The written plea form signed by Williams stated that he was admitting he committed the offenses for which he was pleading guilty and was waiving the right to require the prosecutor to prove those specific offenses beyond a reasonable doubt.

{¶ 22} The trial court stated in its decision that it explained to Williams the nature of the charges and the consequences of pleading guilty. The trial court observed that Williams did not voice any objections when the statement of facts was read or after the written plea form was reviewed. There is no evidence in the record Williams was incapable of understanding the nature of those admonitions. *See Williams*, 2009-Ohio-6240 at ¶ 21 (defendant himself would know of any applicable defense or potential mitigating circumstances).

{¶ 23} Accordingly, we find the trial court did not abuse its discretion when it determined Williams failed to show ineffective assistance of counsel, or any other manifest injustice that would permit him to withdraw his plea. We also find no error in failing to provide a hearing on Williams' motion. *See Degaro*, 2009-Ohio-2966 at ¶ 13; *see also State v. Casey*, 5th Dist. No. 2007 CA 00251, 2008-Ohio-560, ¶ 18. Williams' assignments of error are overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.