[Cite as *MEK Ents., Inc. v. DePaul*, 2013-Ohio-4486.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99834**

## MEK ENTERPRISES, INC.

PLAINTIFF-APPELLEE

vs.

## MARGARET DEPAUL, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Lyndhurst Municipal Court
Case No. 12 CVI 02287

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEY FOR APPELLANT**

Andrej Cuturic
38109 Euclid Avenue
Willoughby, Ohio   44094


**FOR APPELLEE**

MEK Enterprises, Inc.
c/o Michael Muir, President
20180 Center Ridge Road
Rocky River, Ohio   44116

SEAN C. GALLAGHER, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant Margaret DePaul appeals the trial court's entry of judgment against her and the remaining defendants, jointly and severally, in the amount of $3,000. For the following reasons, we affirm the decision of the trial court.

**{¶2}** MEK Enterprises, Inc. ("MEK"), filed a small claims action against DePaul, RJ DePaul Jr., DDS Inc., and Six Month Braces, L.L.C. (collectively "Defendants"). MEK is a printing company. Defendants hired MEK to print advertising postcards for a 2012 promotion; however, the file used to print the entire batch was the file used for the 2011 promotion, resulting in promotional fliers being sent with the wrong date. The parties attempted to resolve their issues; however, Defendants ultimately withheld payment. In a proceeding before the magistrate, DePaul attempted to introduce expert testimony that MEK should have sent the Defendants a proof prior to running the entire batch for printing and direct mailing. MEK claims a proof was not included in the contract. According to DePaul, the magistrate precluded her from calling her witness.

**{¶3}** In her sole assignment of error, DePaul claims the trial court abused its discretion in not allowing her expert witness to testify, denying DePaul a fair trial. We find no merit to DePaul's argument.

**{¶4}** DePaul submitted a partial record that included a single-page transcript of the trial testimony. The entirety of the transcript provides:

> Mr. Cuturic: So we do have someone here to speak on general standard practices with printing. I don't know if —

Court: I don't think it's relevant under these circumstances —

Mr. Cuturic: Okay.

Court: — I really don't.

Mr. Cuturic: So — and then if I could just ask her a question.

Court: Sure, go ahead.

Tr. 3:3-13. According to the transcript upon appeal, it is not evident that the magistrate excluded any testimony. The magistrate seemingly allowed DePaul's attorney to ask the witness a question, and neither the magistrate's decision nor the transcript indicates that the magistrate excluded testimony. Because DePaul only provided a partial transcript of the proceeding, we are severely limited in our ability to review the proceedings below.

{¶5} It is the duty of appellant to produce the transcription of proceedings upon which her assignment of error relies. App.R. 9(B); *see also State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 18, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). In the absence of evidence upon the record to the contrary, the trial court is presumed to have considered the relevant, material, and competent evidence. *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 195. We must, therefore, presume that the magistrate considered only the relevant evidence introduced at trial in reaching her decision to award MEK judgment in the amount of $3,000.

{¶6} Nevertheless, it is undisputed that the terms of the contract included a standard integration clause in which DePaul acknowledged that there were no

representations, statements, or promises made outside the terms of the agreement. DePaul also conceded at oral argument that the contract for printing did not include a requirement that MEK provide DePaul with a proof prior to printing the full batch. Further, the magistrate received evidence in the form of an email chain of a conversation between DePaul and MEK regarding the status of the project. DePaul indicated that the artwork had been sent over, and MEK responded that printing was under way. DePaul never objected to MEK continuing with the printing despite the lack of a proof. In fact, at no point did DePaul assert the need for a proof prior to the completion of the print run. It is well settled that "[w]hen the parties have agreed about issues critical to the transaction, the courts will determine the meaning of ambiguous terms according to the parties' mutual understanding, the custom and practice in the trade or community, or other established legal principles." *Mr. Mark Corp. v. Rush, Inc.*, 11 Ohio App.3d 167, 169, 464 N.E.2d 586 (8th Dist.1983).

**{¶7}** It was only when DePaul discovered that the third-party advertisement developer provided MEK with the wrong material, after MEK fulfilled its obligations under the contract, that DePaul claimed a proof prior to printing was required. Even if we assumed the magistrate did in fact exclude DePaul's expert, who would have testified to an standard industry practice of providing a proof prior to printing the full batch, such testimony would be irrelevant to the outcome. In this case, the contract did not provide for a proof, and even if an ambiguity existed, necessitating clarification, DePaul's actions subsequent to the consummation of the contract did not lend itself to an implied duty to

provide a proof as a term contemplated by both parties during the contract formation. DePaul's sole assignment of error is overruled.

{¶8} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR