[Cite as *State v. Reeder*, 2014-Ohio-2233.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2013-05-075 |
| Plaintiff-Appellee, | : | CA2013-07-126 |
| | : | O P I N I O N |
| - vs - | | 5/27/2014 |
| | : | |
| FRED D. REEDER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR12-09-1454

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Fred D. Reeder, appeals his conviction in the Butler County Court of Common Pleas following his guilty plea to one count of rape, a felony of the first degree. For the reasons set forth below, we affirm.

{¶ 2} On October 17, 2012, appellant was indicted on one count of rape and one count of sexual battery. On January 23, 2013, appellant entered a guilty plea to one count of

rape, and the state agreed to merge the sexual battery charge. During the plea hearing, the

following exchange occurred:

> THE COURT: And Mr. Reeder is it your understanding that you will be pleading guilty to one count of felony 1 rape?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And do you understand, sir, that this carries with it a maximum of 11 years in prison and a $20,000 fine and that a prison term is presumed necessary?
>
> [APPELLANT]: Yes, sir.
>
> * * *
>
> THE COURT: Every 90 days for the rest of your life you have to report to the sheriffs of the county in which you're living in, to inform them where you're living and working and that sort of thing. Do you understand that? * * * And if you don't report then that could be the bases [sic] of another criminal charge.
>
> [APPELLANT]: Yes, sir.
>
> * * *
>
> THE COURT: And is anyone forcing you or threatening you to enter this plea of guilty?
>
> [APPELLANT]: No, sir.
>
> THE COURT: Has anyone made you any promises in exchange for this plea?
>
> [APPELLANT]: No, sir.
>
> * * *
>
> THE COURT: Okay. I'm holding up a form called plea of guilty and a jury waiver. Did you, in fact, sign this document?
>
> [APPELLANT]: Yes, sir.
>
> * * *
>
> THE COURT: And again, you understand what you're signing?
>
> [APPELLANT]: Yes, sir.

THE COURT:  Okay.  And if you have questions about this form or your case in general, [your attorney] was able to answer them for you?

[APPELLANT]:  Yes, sir.

THE COURT: And you are satisfied with his advice and counsel?

[APPELLANT]: Yes, sir.

{¶ 3}   After this exchange, the state read the statement of facts, which included all of the elements of rape under R.C. 2907.02(A)(1)(c), and appellant agreed that the facts recited were true and accurate.  The trial court then conducted a colloquy with appellant that strictly complied with Crim.R. 11(C)(2)(c) regarding the waiver of appellant's constitutional rights.  At no time did either appellant or his counsel make mention of any alleged promises regarding a lenient sentence.

{¶ 4}   Before adjournment, there was one further exchange between the trial court and appellant:

THE COURT:  Now, do you have any questions about anything we covered for either myself or your attorney?

[APPELLANT]:  No, sir.

THE COURT:  Are you giving this plea freely and voluntarily?

[APPELLANT]:  Yes, sir.

THE COURT:  What is your plea then on one count of rape?

[APPELLANT]:  I'm guilty.

THE COURT:  The court finds efficient [sic] evidence to find you guilty and will so find.

{¶ 5}   At the sentencing hearing on February 27, 2013, appellant's counsel implored the court to consider the fact that appellant pled guilty rather than force the victim to undergo trial and litigate the facts of the case.  Appellant himself then apologized to the victim and her family.  However, neither appellant nor his counsel mentioned any promise made by the trial

court regarding appellant's sentence.

{¶ 6} Before announcing the sentence, the court noted that appellant's guilty plea was "something that goes on your side of the ledger" because it spared the victim the experience of testifying. The court then sentenced appellant to nine years imprisonment, informed him of his status and obligations as a Tier III sex offender, and notified him that he was subject to mandatory postrelease control for five years after being released from prison. The court did not advise appellant that the failure to pay court costs as ordered may result in a requirement that he perform community service.

{¶ 7} Immediately after the trial court announced the sentence, appellant's counsel requested a sidebar at which he recounted to the trial court a conversation regarding sentencing that counsel allegedly had with the court prior to the hearing:

> That discussion we had was, I said * * * but if he goes to trial, he's looking at eight, nine, ten, 11 years. And you said yeah, it's going to be, but if he doesn't, that he's going to be looking at five, six, seven years, based on his priors.

The trial court did not recall having the conversation counsel referred to, and encouraged counsel to arrange a meeting involving counsel, the court, and the state to discuss whether any corrective action needed to be taken regarding appellant's sentence. It is not clear from the record when that meeting took place, but the trial court journalized its judgment entry on March 1, 2013.

{¶ 8} On March 5, 2013, appellant moved to withdraw his guilty plea, arguing that the basis of his plea was the understanding that he would receive a sentence between four and seven years. Appellant did not testify at the hearing on the motion to withdraw, but appellant's trial counsel again recounted the alleged conversation and noted its effect on appellant:

> * * * My recollection is that I was in the waiting room of your chambers, there for something else and happen to mention hey, * *

- 4 -

* here's what I think the evidence is. Here's what I think my client's record is. Is it fair to say that with a plea, my client is probably looking at somewhere around four to seven and is it fair to say that if we went to trial, then he'd probably be looking at nine, ten, 11? * * * [M]y client relied upon that conversation and as a result of that – partially as a result of that, entered a plea.

The state disagreed with counsel's interpretation of any conversations with the court as "promises."

{¶ 9} The trial court considered the arguments of both sides, and ultimately found that the motion was a post-sentence motion that may have been motivated by appellant's remorse at the sentence he received. Without reaching an express conclusion as to whether or not it had made an earlier promise to appellant's counsel, the court also found that the thorough Crim.R. 11 colloquy demonstrated appellant understood the nature of the charge and the possible sentences. Accordingly, the court overruled the motion to withdraw.

{¶ 10} Appellant now appeals, raising four assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 13} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure a guilty plea to a felony charge is knowing,

intelligent, and voluntary. *Ackley* at ¶ 8. According to Crim.R. 11(C)(2):

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 14} The trial court must maintain strict compliance with the notification requirements for constitutional rights identified in Crim.R. 11(C)(2)(c), otherwise the defendant's plea is invalid. *Veney* at ¶ 31. However, with respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b), including notification of the maximum penalty involved, the trial court need only substantially comply. *Id.* at ¶ 14.

{¶ 15} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). To show that a trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b) – and therefore that the he did not enter his plea knowingly, intelligently, and voluntarily – appellant must demonstrate both that he failed to subjectively understand the consequences of his plea, and that he was prejudiced by this failure. *Veney* at ¶ 16-17. A determination of whether or not appellant has met this burden is

based upon a review of the record. *State v. Messer*, 12th Dist. Clermont No. CA2008-04-039, 2009-Ohio-929, ¶ 39, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶ 16} Appellant asserts two bases for his argument that his guilty plea was not knowing, intelligent, and voluntary. First, he contends he lacked a subjective understanding of the consequences of his guilty plea because he relied upon the advisement of his counsel that the trial court would issue a sentence not to exceed seven years. Second, appellant argues his subjective understanding was deficient because the trial court did not fully explain the sex offender registration requirements that would arise as a consequence of the plea.

{¶ 17} After a thorough review of the record, we find the totality of circumstances indicate that appellant subjectively understood the consequences of his plea. At the plea hearing, the trial court conducted a full plea colloquy that strictly complied with Crim.R. 11(C)(2)(c) and substantially complied with Crim.R. 11(C)(2)(a) and (b). Appellant answered in the affirmative when the trial court asked whether he understood that he was charged with rape, and that a guilty plea carried with it the potential for a maximum sentence of eleven years in prison and a $20,000 fine. Additionally, he indicated he understood the "Plea of Guilty and Jury Waiver" form that he signed, which also indicated the maximum penalty is eleven years imprisonment and a $20,000 fine. He admitted the truth of the statement of facts, and he affirmed that his guilty plea was given freely and voluntarily.

{¶ 18} Further, at the sentencing hearing, both appellant and his counsel again had the opportunity to mention the alleged promise of a four-to-seven-year sentence. Yet counsel described the motivation behind appellant's plea as the desire to spare the victim the trauma of prolonged litigation, and appellant himself only expressed remorse for the crime. Neither mentioned a promise of a lenient sentence. Despite appellant's assertion that his guilty plea was the product of his counsel's advisement that he would receive a sentence of no more than seven years, the overwhelming evidence in the record indicates that he

understood the maximum sentence for the offense to which he pled was 11 years imprisonment and a $20,000 fine.[1]

{¶ 19} With respect to the sex offender requirements, this court has recently stated that although the basic registration requirements under R.C. Chapter 2950 are part of the nonconstitutional notifications required by Crim.R. 11, "a trial court is not required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 to substantially comply with [the rule]." *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 11. As noted above, prior to accepting appellant's plea the trial court instructed appellant that a guilty plea to rape would make him a Tier III sex offender, and that he would be required to report every 90 days for the rest of his life to the sheriff's office of the county in which he lives to inform them where he is living and working. The trial court's failure to specify that appellant would also be required to register with the sheriff of the county in which he works, attends school, or "temporarily resides" does not invalidate appellant's plea. *Id.* at ¶ 13. Rather, the totality of the circumstances indicates appellant subjectively understood that by pleading guilty to rape, he would be subjected to certain restrictions as a Tier III sex offender. *Id.* at ¶ 13.

{¶ 20} In light of the foregoing, appellant's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DECLINING TO IMPOSE A PRISON SENTENCE WITHIN THE PROMISED RANGE AND IN

---

1. We note that this court has previously stated that "[a] trial judge who intimately participates in plea negotiations runs the risk of binding the court to impose a certain sentence." *State v. Schreiber*, 12th Dist. Butler No. CA2006-09-237, 2007-Ohio-6030, ¶ 38. For this reason, we reiterate that it is the better practice for trial courts to refrain from speculating for counsel regarding a possible range of sentences prior to a full consideration of the relevant facts and circumstances before the court at the sentencing hearing. However, we also note that *Schreiber* is distinguishable from the present case. In *Schreiber*, we found that the trial court's repeated assurances of a six-year sentence on the record during the plea hearing influenced appellant's decision to enter a guilty plea. Id. at ¶ 40. We find no such "intimate participation" in plea negotiations in the present case.

THEN OVERRULING A MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 23} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides that a "motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The trial court's consent to a pre-sentence motion to withdraw is not an absolute right, but it "should be freely and liberally granted" if there is a reasonable and legitimate basis for the motion. *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 24, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). On the other hand, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of a manifest injustice." *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶ 24} Appellant contends that his motion to withdraw was a pre-sentence motion because the issue was brought to the trial court's attention prior to journalization of its judgment of conviction. He further argues that since the trial court became involved in plea negotiations by indicating appellant's sentence would be within a specified range, the court's only options were to impose the promised sentence of four to seven years or to permit appellant to withdraw his plea on the basis of his purported reliance on the promise.

{¶ 25} We disagree with appellant's characterization of his motion to withdraw as a pre-sentence motion. "[T]he axiomatic rule is that a court speaks through its journal entries." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 12, citing *State v. Middleton*, 12th Dist. Preble No. CA2004-01-003, 2005-Ohio-681, ¶ 9. Here, the trial court journalized its judgment entry on March 1, 2013, while appellant did not file his motion to withdraw until four days later, on March 5, 2013. Appellant did bring the issue to the trial court's attention immediately after pronouncement of the sentence and prior to the conclusion of the

sentencing hearing, but we are aware of no authority that would require the trial court to construe that discussion as a motion to withdraw appellant's guilty plea. *See, e.g., State v. Neeley*, 12th Dist. Clinton No. CA2008-08-034, 2009-Ohio-2337, ¶ 5-6 (appellant's motion to withdraw was not considered pre-sentence where it came after pronouncement of the sentence but before the journal entry). Therefore, we find the court properly treated the motion as post-sentence.

{¶ **26**} A defendant who seeks to withdraw a guilty plea after the imposition of the sentence has the burden of establishing the existence of a manifest injustice. Manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 13. The burden is such that "[a] post-sentence withdrawal motion is allowable only in extraordinary cases." *Williams*, 2013-Ohio-1387, at ¶ 12, citing *Smith*, 49 Ohio St.2d at 264. Indeed, the difficulty of demonstrating a manifest injustice is meant to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe. *Williams* at ¶ 12; *Neeley* at ¶ 6.

{¶ **27**} Appellate courts review the trial court's decision on a motion to withdraw under an abuse of discretion standard. *Williams* at ¶ 14. Hence, to prevail appellant must show that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002).

{¶ **28**} After a thorough review of the record, we find that the trial court acted within its discretion when it denied appellant's motion to withdraw his guilty plea. The trial court afforded appellant due process by granting a hearing on the motion. *See State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 8 (the trial court was only obliged to hold an evidentiary hearing if the defendant had established a reasonable likelihood that a

withdrawal of the plea was necessary). Additionally, the record from that hearing indicates the trial court gave due consideration to the arguments of both sides before rendering a deliberate, reasoned decision on the motion. *See State v. McGlosson*, 12th Dist. Butler No. CA2012-03-057, 2013-Ohio-774, ¶ 11 (the allegation of manifest injustice was without merit where the trial court carefully considered all arguments in support of defendant-appellant's motion). "We defer to the trial court's finding in this respect, where 'the good faith, credibility and weight of the movant's assertions in support of the motion [to withdraw a guilty plea] are matters to be resolved by that court.'" *Manis*, 2012-Ohio-3753 at ¶ 30, quoting *Xie*, 62 Ohio St.3d at 525.

{¶ 29} Appellant's second assignment of error is overruled.

{¶ 30} Assignment of Error No. 3:

{¶ 31} APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, WHICH DENIAL RESULTED IN PREJUDICE.

{¶ 32} In Ohio, an appellant must satisfy a two-prong test established by the United States Supreme Court to establish that he was denied the effective assistance of trial counsel. *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). For the first prong, an appellant must establish that counsel's representation "fell below an objective standard of reasonableness." *Strickland* at 687-88. For the second prong, appellant must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reviewing court may approach this analysis starting with either prong, and it need not examine the effectiveness of counsel's performance if appellant fails to prove prejudicial effect. *Bradley*, 42 Ohio St.3d at 143.

{¶ 33} Appellant here asserts that trial counsel's representation was deficient during the plea and sentencing process because counsel advised appellant of a promised sentencing range, and then failed to take steps to ensure that the promised sentence was fulfilled at sentencing. Appellant also contends that counsel failed to move the trial court to impose the promised term after the issue came to light at sentencing. Finally, appellant argues that counsel's deficient representation continued at the hearing on the motion to withdraw the plea where counsel failed to offer appellant's testimony about the effect of the trial court's alleged promise on appellant's understanding of the implications of his guilty plea.

{¶ 34} It is questionable whether appellant satisfies either prong of the test. During his plea colloquy, appellant affirmed that he was satisfied with the representation afforded him by counsel. At the sentencing hearing, counsel took immediate steps on appellant's behalf once the sentence was announced, and followed through with a cogent argument at the hearing to withdraw the plea. In addition, appellant did benefit from his plea: during sentencing the trial court acknowledged that the plea counted on appellant's side of the ledger, and accordingly gave him a sentence two years less than the maximum. But we need not rule on the effect of these facts because "[i]t is well-established that a guilty plea waives the right to claim the defendant was prejudiced by the ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary." *Neeley*, 2009-Ohio-2337 at ¶ 33, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶ 35} As discussed in the first assignment of error, we find that appellant's guilty plea was knowing and voluntary. The record indicates that by the time of the plea hearing appellant clearly understood the maximum term of imprisonment he faced. Appellant signed a guilty plea form that stated the maximum prison term the judge could impose was eleven years, and that gave no indication of a promise of a lesser sentence. Appellant also acknowledged in open court that he did not receive a promise in exchange for his plea, and

that he understood that his plea could potentially lead to a maximum sentence of eleven years in prison. *See, e.g.*, State v. Bryant, 10th Dist. Franklin No. 12AP-703, 2013-Ohio-5105, ¶ 32 (where the maximum sentence was stated in open court and the sentencing range was set forth in the signed form entering a guilty plea, appellant's contention that he did not have knowledge of the potential sentence was unpersuasive). The trial court also substantially complied with the notification requirements regarding appellant's sex offender status. Therefore appellant is precluded from claiming ineffective assistance of counsel. *See State v. Thomas*, 8th Dist. Cuyahoga No. 85294, 2005-Ohio-4145, ¶ 12, citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973).

{¶ 36} Appellant's third assignment of error is overruled.

{¶ 37} Assignment of Error No. 4:

{¶ 38} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN THE IMPOSITION OF COURT COSTS.

{¶ 39} Appellant asserts that although the trial court ordered him to pay court costs at sentencing, the order is invalid due to the court's failure to advise him that failing to pay the court costs as ordered may result in a community service requirement. Appellant therefore requests that the judgment be modified to eliminate the potential for community service.

{¶ 40} The statute governing court costs, R.C. 2947.23(A)(1), has recently undergone multiple revisions. *See State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317, ¶ 29. The statute was first revised by 2012 Am.Sub.S.B. 337 (S.B. 337), effective September 28, 2012, and then later revised by 2012 Am.Sub.H.B. 247 (H.B. 247), effective March 22, 2013. *Brown* at ¶ 30. Appellant was sentenced on February 27, 2013, while the S.B. 337 version of the statute was effective.

{¶ 41} The S.B. 337 version of the statute did include a requirement that the trial court notify a defendant that the failure to pay the imposed court costs could result in an order

requiring community service. However, the statute also provided that:

> The failure of a judge or magistrate to notify the defendant [regarding potential community service requirements under this statute] does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments towards that judgment under an approved payment plan.

Former R.C. 2947.23(A)(1)(b) (S.B. 337 version).

{¶ 42}In other words, the trial court's failure in the present case to notify appellant at sentencing that he may be ordered to perform community service if he fails to pay court costs does not prevent the court from ordering him to perform community service if he fails to pay in the future. *Brown* at ¶ 31. We therefore conclude that the trial court did not err in failing to notify appellant at the sentencing hearing that it could order him to perform community service in the event he failed to pay imposed court costs.

{¶ 43}Appellant's fourth assignment of error is overruled.

{¶ 44}Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.