[Cite as *State v. Kwambana*, 2017-Ohio-1406.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                        :          CASE NO.   CA2016-08-060

                                          :          O P I N I O N
- vs -                                                                4/17/2017

                                          :

KABINGA REUBEN KWAMBANA,               :

    Defendant-Appellant.                      :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013CR0238

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Kabinga Reuben Kwambana, #A695696, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**PIPER, J.**

{¶ 1}   Defendant-appellant, Kabinga Kwambana, appeals a decision of the Clermont County Court of Common Pleas denying his motion to withdraw a guilty plea.

{¶ 2}   Kwambana and his accomplice robbed a Golden Corral Restaurant in Clermont County.  During the robbery, the duo restrained four employees by gunpoint, using zip ties to hogtie the employees by their hands and feet.  After stealing money from the safe and

attempting to flee the premises, Kwambana and his accomplice were apprehended by police.

{¶ 3} Kwambana was indicted on one count of aggravated burglary and four counts of kidnapping. Each of the four counts carried firearm specifications. Kwambana entered plea negotiations with the state, and agreed to plead guilty to the four counts of kidnapping in return for the state dismissing the aggravated burglary charge and all five firearm specifications. After a plea hearing, during which the trial court accepted Kwambana's valid guilty plea, Kwambana was sentenced to 32 years in prison.

{¶ 4} Kwambana appealed the trial court's decision to this court, arguing that the four counts of kidnapping were allied offenses. *State v. Kwambana*, 12th Dist. Clermont No. CA2013-12-092, 2014-Ohio-2582. This court affirmed Kwambana's convictions and sentence. Kwambana then filed a motion to withdraw his guilty plea with the trial court, alleging that his two defense attorneys were ineffective for not properly advising him regarding merger and for not filing a presentence motion to withdraw his guilty plea. Kwambana further asserted that his appellate counsel, who was also one of his defense attorneys at the trial level, was ineffective for not arguing ineffective assistance of trial counsel on appeal. The trial court denied Kwambana's motion to withdraw his plea. Kwambana, pro se, now appeals the trial court's decision, raising three assignments of error.

{¶ 5} Within his assignments of error, Kwambana argues that his trial and appellate counsel were ineffective for failure to advise him properly regarding merger.[1] However, we need not address Kwambana's assignments of error because we lack jurisdiction to do so given that Kwambana's convictions and sentence were previously affirmed by this court before he filed his motion to withdraw his guilty plea.

---

1. According to App.R. 26(B), Kwambana had 90 days from the date of our decision in his direct appeal to file a motion claiming ineffective assistance of appellate counsel. Kwambana filed no such motion, and is thus now time-barred from doing so.

**{¶ 6}** Absent a remand from a higher court, a trial court is without jurisdiction to decide a motion to withdraw a guilty plea once the appellate court has affirmed the appellant's conviction on direct appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978); *State v. Asher*, 12th Dist. Butler No. CA2013-12-234, 2015-Ohio-724; *State v. Allen*, 12th Dist. Warren No. CA2006-01-001, 2006-Ohio-5990. As determined by the Ohio Supreme Court, Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Special Prosecutors* at 98.

**{¶ 7}** Therefore, because the trial court did not have jurisdiction to decide the motion that is the subject of Kwambana's current appeal, the trial court's judgment is null and void. "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 12. As this court does not have jurisdiction to review void orders, we are unable to reach the merits of Kwambana's arguments on appeal. *State v. Williams*, 12th Dist. Warren No. CA2010-06-050, 2011-Ohio-1875.

**{¶ 8}** This appeal is dismissed for lack of jurisdiction.

HENDRICKSON, P.J., and M. POWELL, J., concur.

- 3 -