[Cite as *State v. Collins*, 2017-Ohio-4371.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-09-009 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 6/19/2017 |
| - vs - | | |
| | : | |
| ARNON C. COLLINS, Jr., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15CR11802

Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Kirsten Knight, P.O. Box 137, Germantown, Ohio 45327, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Arnon C. Collins, Jr., appeals from his conviction in the Preble County Court of Common Pleas after he pled no contest to a variety of drug charges and failing to comply with an order or signal of a police officer. For the reasons outlined below, we affirm.

{¶ 2} On August 3, 2015, the Preble County Grand Jury returned a four-count indictment charging Collins with illegal manufacture of drugs in violation of R.C. 2925.04(A), a

second-degree felony, illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), also a third-degree felony, and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor. Although contained in the original complaint filed with the Eaton Municipal Court, an additional aggravated possession of drugs charge in violation of R.C. 2925.11(A)(C)(1)(b), then charged as a third-degree felony, was inadvertently left off the indictment.

{¶ 3} According to the original complaint filed in this matter, the charges stemmed from the events occurring on July 14, 2015. On that date, Deputy Shane Hatfield of the Preble County Sheriff's Office was traveling northbound on Jordan Road located within Preble County when he noticed Collins driving a motorcycle southbound on that same road. Knowing that Collins had three active felony warrants for his arrest in Montgomery County, Deputy Hatfield turned his cruiser around and began pursuit of Collins with both his lights and siren activated. Collins did not stop and a high-speed chase ensued with speeds reaching approximately 80 miles per hour.

{¶ 4} After turning off Jordan Road onto Enterprise Road, the chain broke on Collins' motorcycle, which caused Collins to abandon the motorcycle and continue his attempt to escape from Deputy Hatfield on foot. During this time, Deputy Hatfield observed Collins wearing a black backpack. Deputy Hatfield eventually caught up with Collins and placed him under arrest. Deputy Hatfield then conducted a search of Collins incident to his arrest and discovered within the black backpack approximately five grams of "wet," recently made, methamphetamine, as well as a glass smoking pipe with burn marks, marijuana, a variety of unidentified pills, a digital scale, and a cell phone.

{¶ 5} Following Collins' arrest, Deputy Hatfield and Detective Robert Schneider

responded to Collins' residence located at 4371 Jordan Road, Lewisburg, Preble County, Ohio. Once there, the complaint indicates Deputy Hatfield and Detective Schneider received consent to search the property from Collins' parents.

{¶ 6} Upon searching the property, Deputy Hatfield and Detective Schneider located Collins' vehicle parked behind a barn, which, upon looking through the windows, Deputy Hatfield could see in plain view several items associated with the manufacture of methamphetamine. A search warrant was then obtained that resulted in additional items associated with the manufacture of methamphetamine being discovered. It is undisputed that Deputy Hatfield's warrant affidavit stated that he, Deputy Brad Moore, and Detective Schneider, responded to the Collins residence where they then "received consent to search the property from Collins' mother[.]"

{¶ 7} On August 4, 2015, Attorney Brian Muenchenbach ("Attorney Muenchenbach") entered his appearance as Collins' trial counsel. Approximately three weeks later, on August 27, 2015, the state faxed Attorney Muenchenbach a plea offer asking Collins to plead guilty to illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony that carried a mandatory five-year prison term due to Collins prior drug convictions. In exchange for Collins' guilty plea to this single charge, the state agreed to dismiss the remaining charges in the indictment. The plea offer further stated, in pertinent part, the following:

> The original indictment did not contain the F3 Aggravated Possession of Drugs count contained in the original complaint. The State has received a lab report that makes possession of meth an F1 with a mandatory 11 year prison term. Therefore, should the Defendant not accept the agreed 5 year prison term, the State will supersede the indictment at October's grand jury[.]

The plea offer also specifically stated that the offer was to expire one month later on September 28, 2015. The deadline to accept the plea offer was later extended to October 2,

2015.

{¶ 8} On October 2, 2015, contrary to Attorney Muenchenbach's advice, Collins rejected the state's plea offer. As Attorney Muenchenbach later testified, "we had a long conversation about it, and we decided that, Mr. Collins decided that he was going to take his chances with the suppression, and decided to reject the offer at that point." As a result, and just as the state said it would, on October 5, 2015, the Preble County Grand Jury returned a superseding indictment that included an additional charge of aggravated possession of drugs in violation of R.C. 2925.11(A), a first-degree felony that included a major drug offender specification under R.C. 2941.1410(A), a charge that carried a mandatory 11-year prison term.

{¶ 9} On January 29, 2016, Collins filed a motion to suppress. Thereafter, on February 23, 2016, Collins filed a supplemental motion to suppress and a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978) (hereinafter, "*Franks* hearing") that challenged the credibility of Deputy Hatfield's warrant affidavit. Attached to Collins' motion requesting a *Franks* hearing was an affidavit from his mother that stated she had not given Deputy Hatfield or Detective Schneider consent to search "the property" as alleged by Deputy Hatfield. Rather, the affidavit submitted by Collins' mother indicated she had merely consented to Deputy Hatfield and Detective Schneider's request to "look around" Collins' bedroom, and that, when Deputy Hatfield and Detective Schneider tried to search "additional areas of the home," she "told the officers no, they could not look [at] additional places." After holding a hearing on both motions, the trial court denied Collins' motion to suppress and motion for a *Franks* hearing in separate entries issued on April 15, 2016 and April 20, 2016, respectively.

{¶ 10} On May 2, 2016, Attorney Muenchenbach filed a motion to withdraw as Collins' trial counsel. In support of that motion, Attorney Muenchenbach stated the following:

Defendant claims that Counsel did not properly and clearly advise Defendant regarding a plea offer that was made by the State and subsequently rejected by Defendant. Moreover, Defendant claims that Counsel did not clearly advise him of the ramifications of rejection [sic] the plea offer, and the pending superseding indictment. Counsel states that this allegation is false.

{¶ 11} On May 4, 2016, after holding a brief hearing on the matter, the trial court granted Attorney Muenchenbach's motion to withdraw as Collins' trial counsel and appointed Attorney Seth Cantwell ("Attorney Cantwell") in his place.

{¶ 12} On June 17, 2016, Collins, through his newly appointed counsel Attorney Cantwell, filed a motion to compel the state to reinstate its previous plea offer since Collins "did not fully understand the terms of the offer[.]" After holding a hearing on the matter, wherein the trial court heard testimony from both Attorney Muenchenbach and Collins, the trial court denied Collins' motion. In so holding, the trial court determined that Attorney Muenchenbach's testimony regarding his representation of Collins during the plea negotiations was credible and that any confusion on the behalf of Collins was not the result of any deficient performance on the part of Attorney Muenchenbach.

{¶ 13} Specifically, as noted by the trial court, Attorney Muenchenbach advised Collins of the terms of plea offer shortly after it was received from the state, notified Collins that the offer would have to be accepted before October 2, 2015, and advised Collins that he should accept the plea offer, but that the decision to accept the state's offer was ultimately Collins' decision to make. The trial court also found Attorney Muenchenbach had spent an hour visiting Collins in jail on October 1, 2015, the day before the state's deadline to accept the plea offer expired, during which time the plea offer and the potential consequences for rejecting the state's offer "were thoroughly discussed."

{¶ 14} On September 12, 2016, Collins entered a no contest plea to all then pending charges. Accepting Collins' plea, the trial court found Collins guilty and subsequently

sentenced him to an aggregate mandatory term of 12 years in prison. The trial court also ordered Collins to serve a mandatory five-year term of postrelease control. Collins now appeals from his conviction, raising two assignments of error for review.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE TRIAL COURT ERRED WHEN IT FAILED TO SUSTAIN APPELLANT'S *FRANKS* MOTION.

{¶ 17} In his first assignment of error, Collins argues the trial court erred by not granting his motion for a *Franks* hearing. We disagree.

{¶ 18} In *Franks*, the United States Supreme Court held that if a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.*, 438 U.S. 154, at 155-156, 98 S.Ct. 2674. This creates a two-part test the defendant must meet in order to be entitled to a *Franks* hearing. Specifically, the defendant (1) must make a "substantial" preliminary showing that the affiant made a false statement either knowingly or with reckless disregard for the truth; and, additionally, (2) prove the allegedly false statement was necessary to the finding of probable cause. *State v. Sekse*, 12th Dist. Preble No. CA2015-07-015, 2016-Ohio-2779, ¶ 9.

{¶ 19} This court reviews a trial court's decision to deny a request for a *Franks* hearing under a clear error standard. *Id.* at ¶ 12. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State v. Bryant*, 5th Dist. Holmes Nos. 10CA019 and 10CA020, 2011-Ohio-3353, ¶ 24. When reviewing a trial court's decision to deny a request for a *Franks* hearing, this court gives deference to the trial court's

resolution of factual questions and the determination of witness credibility for it is the trial court, as the trier of fact, that is in the best position to resolve these matters. *Sekse* at ¶ 12-13.

{¶ 20} Collins argues the trial court erred by not conducting a *Franks* hearing since his mother provided an affidavit to the trial court wherein she claimed she had only consented to Deputy Hatfield and Detective Schneider's request to "look around" Collins' bedroom, and 2that, when Deputy Hatfield and Detective Schneider tried to search "additional areas of the home," she "told the officers no, they could not look [at] additional places." In contrast, the warrant affidavit prepared by Deputy Hatfield stated that Collins' mother gave him, Deputy Moore, and Detective Schneider, consent to search "the property," which eventually led them to Collins' vehicle that contained various items commonly associated with the manufacture of methamphetamine in plain view when Deputy Hatfield looked through the vehicle's windows.

{¶ 21} After a thorough review of the record, we find that even if this court were to assume that Collins was able to make a "substantial" preliminary showing that Deputy Hatfield made a false statement regarding the scope of consent given from Collins' mother either knowingly or with reckless disregard for the truth as required under the first prong of the two-part *Franks* test, just as the trial court found, there is still more than enough evidence contained within Deputy Hatfield's warrant affidavit to establish probable cause justifying the issuance of the search warrant of the entire Collins property, up to and including Collins' vehicle.

{¶ 22} For instance, Deputy Hatfield's warrant affidavit states (1) both he and Detective Schneider had recently received several tips and other intelligence that Collins had been seen manufacturing methamphetamine at his home, including information from a neighbor who suspected Collins of making methamphetamine from the back of his car; (2) Collins had a long criminal history that included convictions for illegal manufacture of drugs,

attempted illegal assembly of chemicals for the manufacture of drugs, and aggravated possession of drugs; (3) four days earlier, when attempting to serve a warrant for Collins' arrest, Deputy Hatfield smelled a slight odor of anhydrous ammonia, a precursor of methamphetamine production, emanating from a large trash can at the rear of the home; (4) Collins had purchased Sudafed 12 times (and had been denied an additional four times) over the previous four months; and, (5) Collins had just been arrested and found to be in possession of 4.9 grams of "wet" methamphetamine indicating the drug was only recently made. Deputy Hatfield further averred that, based on his training and experience, drug traffickers and drug manufacturers "frequently conceal and transport narcotics in motor vehicles," thereby making it necessary to search any motor vehicle located on the property.

{¶ 23} In light of the foregoing, and based on the totality of the circumstances, even when ignoring the alleged false statement regarding the scope of the consent given by Collins' mother, as well as the various items observed in Collins' vehicle associating him with the manufacture of methamphetamine, Deputy Hatfield's affidavit provided the trial court with a sufficient basis for concluding probable cause existed to justify issuing the search warrant at issue. As this court has stated previously, in determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the task of the issuing judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Redelman*, 12th Dist. Clinton No. CA2012-04-010, 2013-Ohio-657, ¶ 38; *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus; *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317 (1983). That is certainly the case here. Therefore, because we find no clear error in the trial court's decision to deny Collins' request for a *Franks* hearing, Collins' first assignment of error is without merit and overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT ERRED WHEN IT FAILED TO COMPEL THE STATE TO REINSTATE THE ORIGINAL PLEA OFFER.

{¶ 26} In his second assignment of error, Collins argues the trial court erred by denying his motion to compel the state to reinstate its previous plea offer since he received ineffective assistance of counsel from Attorney Muenchenbach during plea negotiations with the state. We again disagree.

{¶ 27} The parties agree that this assignment of error is governed by the United States Supreme Court's decision in *Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376 (2012). In that case, the Supreme Court held that prejudice may arise if a defendant's trial counsel's deficient performance during plea negotiations with the state caused the defendant to reject a plea offer that would have resulted in a lower sentence. *Id.* at 163. Under such circumstances, where trial counsel actually provides a defendant with a deficient performance during plea negotiations, the correct remedy is to order the state to reoffer the previously rejected plea offer. *Id.* at 174.

{¶ 28} In this case, however, after holding a hearing on the matter, the trial court found Collins' original trial counsel, Attorney Muenchenbach, did not provide Collins with a deficient performance during plea negotiations since Attorney Muenchenbach advised Collins of the terms of plea offer shortly after it was received from the state, notified Collins that the offer would have to be accepted before October 2, 2015, the deadline imposed by the state, and advised Collins he should accept the plea offer, but that the decision to accept the state's offer was ultimately Collins' decision to make. The trial court also found that Attorney Muenchenbach spent an hour visiting Collins in jail on October 1, 2015, the day before the state's deadline to accept the plea offer, during which time the offer and the potential consequences for rejecting the offer "were thoroughly discussed." Nevertheless, against the

advice of attorney Muenchenbach, Collins decided to reject the state's plea offer and instead file a motion to suppress and a motion for a *Franks* hearing.

{¶ 29} After a thorough review of the record, we find no error in the trial court's decision to deny Collins' request to compel the state to reinstate its previous plea offer. While Collins testified that he was confused about the plea deal offered by the state, just as the trial court found, any confusion was not the result of any deficient performance on the part of Attorney Muenchenbach. Rather, as the record reveals, and as discussed above, Attorney Muenchenbach notified Collins of the terms of the state's plea offer and the deadline to accept the plea offer. Attorney Muenchenbach further advised Collins to accept the plea offer, but that the decision was ultimately Collins' decision to make. Collins, against the advice of attorney Muenchenbach, rejected the plea offer. As the trial court stated, "[i]n the end, he made his choice." We agree. Therefore, because Attorney Muenchenbach performance during plea negotiations was not deficient, it simply cannot be said that Collins suffered any resulting prejudice that would necessitate requiring the state to reoffer its previously rejected plea deal. Accordingly, because we find no error in the trial court's decision to deny Collins' request to compel the state to reinstate its previous plea offer, Collins' second assignment of error is also without merit and overruled.

{¶ 30} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.