[Cite as *State v. Collins*, 2019-Ohio-755.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-08-010 |
| | : | O P I N I O N |
| - vs - | | 3/4/2019 |
| | : | |
| ARNON C. COLLINS, JR., | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15-CR-11802


Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, 101 East Main Street, Eaton, Ohio 45320, for appellee

George A. Katchmer, 1886 Brock Road N.E., Bloomingburg, Ohio 43106, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Arnon C. Collins, Jr., appeals a decision of the Preble County Court of Common Pleas denying his motion to withdraw a no contest plea. For the reasons set forth below, we dismiss appellant's appeal for lack of jurisdiction.

{¶ 2} In August 2015, appellant was indicted for the illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the second degree, the illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a

felony of the third degree, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree, and the illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. A superseding indictment filed in October 2015 added a fifth offense, aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the first degree. This offense included a major drug offender specification under R.C. 2941.1410(A) and carried a mandatory 11-year prison term. The charges arose following an incident that occurred on July 14, 2015, wherein appellant fled from police officers, first on his motorcycle and then by foot. Appellant was eventually caught and found to be in possession of five grams of methamphetamine, a glass smoking pipe, marijuana, unidentified pills, a digital scale, and a cell phone. A subsequent search of appellant's residence resulted in the discovery of items used in the manufacture of methamphetamine.

{¶ 3} On September 12, 2016, following the denial of a motion to suppress, a motion for a *Franks* hearing, and a motion to compel the state to reinstate an expired plea offer, appellant pled no contest to all charges. Appellant was found guilty and sentenced to an aggregate mandatory prison term of 12 years.

{¶ 4} Appellant directly appealed his conviction to this court, arguing that the trial court erred when it denied his request for a *Franks* hearing and when it failed to compel the state to reinstate its original plea offer. *State v. Collins*, 12th Dist. Preble No. CA2016-09-009, 2017-Ohio-4371. This court affirmed appellant's convictions, finding that the trial court did not err in denying the *Franks* hearing as, even if appellant was able to make a substantial preliminary showing that the officer that applied for the search warrant had made a false statement regarding the scope of consent provided for the search of appellant's residence, there was "more than enough evidence contained within [the officer's] warrant affidavit to establish probable cause justifying the issuance of the search warrant of the entire * * *

- 2 -

property, up to and including [appellant's] vehicle." *Id.* at ¶ 21. Furthermore, we concluded the trial court did not err in denying appellant's request to compel the state to reinstate its expired plea offer where appellant's original trial counsel had not provided ineffective representation. *Id.* at ¶ 28-29. Appellant's original trial counsel had advised appellant of the terms of the plea offer shortly after it was received from the state, notified appellant that the offer would have to be accepted before October 2, 2015, discussed the potential consequences of rejecting the offer with appellant, and advised appellant to accept the plea offer. *Id.* at ¶ 28.

{¶ 5} On June 19, 2018, more than 21 months after he was sentenced, appellant filed with the trial court a motion to withdraw his plea pursuant to Crim.R. 32.1. Appellant argued his no contest plea was not knowingly, intelligently, and voluntarily entered as, "[a]t the time of his arrest, incarceration and plea, [he] was suffering from panic attacks and psychotic episodes which included the hearing of voices." Appellant claimed he was "unable to make the simplest of decisions * * * was confused in his discussions with his attorney * * * [and] was simply told by counsel that he must plead." In support of his motion, appellant attached medical records from years prior to and subsequent to his 2015 crimes, specifically from 2008 and June 2017, as well as affidavits from himself and his mother.

{¶ 6} The state filed a memorandum in opposition, arguing appellant's claims were barred by the doctrine of res judicata. The state further contended appellant failed to demonstrate a manifest injustice necessitating withdrawal of his plea. The state noted that the medical records submitted by appellant in support of his motion to withdraw did not relate to appellant's health at or near September 2016, the time he entered his no contest plea.

{¶ 7} On July 18, 2018, the trial court denied appellant's motion to withdraw his plea, finding appellant's request was barred by res judicata as appellant "should and/or could have raised the issue of whether his plea was knowingly and voluntarily made when he filed his

- 3 -

appeal of his conviction." The court further determined appellant failed to offer any evidence to establish that withdrawal of his plea was necessary to correct a manifest injustice.

{¶ 8} Appellant appealed, raising the following as his only assignment of error:

{¶ 9} A PLEA THAT IS INVOLUNTARY, UNINTELLIGENT, AND UNKNOWING MUST BE VACATED.

{¶ 10} In his sole assignment of error, appellant argues the trial court erred by denying his motion to withdraw his no contest plea as his mental health problems made his plea unknowing, unintelligent, and involuntary. However, we do not reach the merits of appellant's assigned error as we lack jurisdiction to consider it, given that appellant's conviction was previously affirmed by this court before he filed his motion to withdraw his plea.

{¶ 11} Absent a remand from a higher court, a trial court is without jurisdiction to decide a motion to withdraw a plea once an appellate court has affirmed the appellant's conviction on direct appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94,97-98 (1978); *State v. Kwambana*, 12th Dist. Clermont No. CA2016-08-060, 2017-Ohio-1406, ¶ 6; *State v. Johnson*, 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 15; *State v. Asher*, 12th Dist. Butler No. CA2013-12-234, 2015-Ohio-724, ¶ 7. As the Ohio Supreme Court has noted, Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Special Prosecutors* at 98.

{¶ 12} Therefore, because the trial court did not have jurisdiction to decide the motion that is the subject of appellant's current appeal, the trial court's judgment is null and void. *Kwambana* at ¶ 7; *Asher* at ¶ 8. "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *State v.*

- 4 -

*Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 12. As this court does not have jurisdiction to review void orders, we are unable to reach the merits of appellant's arguments on appeal. *Kwambana* at ¶ 7, citing *State v. Williams*, 12th Dist. Warren No. CA2010-06-050, 2011-Ohio-1875.

**{¶ 13}** This appeal is, therefore, dismissed for lack of jurisdiction.

S. POWELL and RINGLAND, JJ., concur.