[Cite as *State v. Kwambana*, 2019-Ohio-1197.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                         :

    Appellee,                           :            CASE NO.  CA2018-10-074

                                        :            O P I N I O N
- vs -                                                       4/1/2019
                                        :

KABINGA KWAMBANA,                      :

    Appellant.                          :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. TC 2013-CR 000238


D. Vincent Faris, Prosecuting Attorney, Nicholas Horton, 76 south Riverside Drive, 2nd Floor, Batavia, Ohio, 45103, for appellee

Kabinga Kwambana, A695696, Chillicothe Correctional Institution, 15802 State Route 104, North Chillicothe, Ohio,45601, appellant, pro se


**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Kabinga Kwambana, appeals a decision of the Clermont County Court of Common Pleas denying his motion for relief from judgment under Civ.R. 60(B).  For the reasons detailed below, we affirm.

{¶ 2}  Kwambana and his accomplice robbed a Golden Corral Restaurant in Clermont County.  During the robbery, the duo restrained four employees by gunpoint, using zip ties to

hogtie the employees by their hands and feet. After stealing money from the safe and attempting to flee the premises, Kwambana and his accomplice were apprehended by police.

{¶ 3} Kwambana was indicted on one count of aggravated burglary and four counts of kidnapping. Each of the four counts carried firearm specifications. Kwambana entered plea negotiations with the state and agreed to plead guilty to the four counts of kidnapping in return for the state dismissing the aggravated burglary charge and all five firearm specifications. After a plea hearing, during which the trial court accepted Kwambana's valid guilty plea, Kwambana was sentenced to 32 years in prison.

{¶ 4} Kwambana's conviction was affirmed on direct appeal. *State v. Kwambana*, 12th Dist. Clermont No. CA2013-12-092, 2014-Ohio-2582, ¶ 16 ("*Kwambana I*"). Kwambana then sought a motion to withdraw his plea, which the trial court denied. This court dismissed Kwambana's subsequent appeal. *State v. Kwambana*, 12th Dist. Clermont No. CA2016-08-060, 2017-Ohio-1406, ¶ 8 ("*Kwambana II*").

{¶ 5} On August 20, 2018, Kwambana filed a Civ.R. 60(B) motion for relief from judgment. The trial court denied the motion and Kwambana now appeals, raising a single assignment of error for review:

{¶ 6} ONCE AN APPEAL IS FILED, A TRIAL COURT LOSES JURISDICTION TO CONSIDER A CIV.R. 60(B) MOTION UNLESS AN APPELLATE COURT REMANDS THE CASE FOR THE PURPOSE OF GRANTING A TRIAL COURT JURISDICTION TO DECIDE THE MOTION.

{¶ 7} In his sole assignment of error, Kwambana argues that the trial court erred by denying his motion for relief from judgment. In so doing, Kwambana argues there was ambiguity during the plea hearing and his plea was not voluntary. We disagree.

{¶ 8} The law in Ohio is well-established that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion

should be judged." *State v. Braunskill*, 12th Dist. Clermont No. CA2018-03-006, 2018-Ohio-3738, ¶ 16. The Ohio Supreme Court definitively declared that "the plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶10. Therefore, the civil rules may be invoked where appropriate to fill a void in the rules of criminal procedure in a criminal case. *State v. Strunk*, 12th Dist. Warren No. CA2010-09-085, 2011-Ohio-417, ¶ 8.

{¶ 9} The state maintains that Kwambana's motion should be denied because it is either an untimely petition for postconviction relief or an improper motion to withdraw his guilty plea under Crim. R. 32.1. We agree with the state's position.

{¶ 10} First, Kwanbana's motion, construed as a petition for postconviction relief, is untimely. The postconviction relief statute mandates that a petition "shall be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2); *State v. Conway*, 10th Dist. Franklin No. 17AP-90, 2019-Ohio-382, ¶ 11. This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period, "or a second petition or successive petitions for similar relief" by the petitioner. R.C. 2953.23(A); *State v. Apanovitch*, Slip Opinion No. 2018-Ohio-4744, ¶ 36. Here, Kwambana filed his motion for relief from judgment more than four years following the date on which the transcripts in his direct appeal were filed and is therefore untimely as construed as a petition for postconviction relief.

{¶ 11} Second, as we noted in *Kwambana II*, Kwambana cannot withdraw his guilty plea because, absent a remand from a higher court, a trial court is without jurisdiction to decide a motion to withdraw a guilty plea once the appellate court has affirmed the appellant's conviction on direct appeal. *State v. Asher*, 12th Dist. Butler No. CA2013-12-234,

2015-Ohio-724, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978). As Kwambana's conviction has been affirmed on direct appeal, the trial court has no jurisdiction to vacate the related judgment. This issue was already settled in Kwambana's prior appeal. *Kwambana II* 2017-Ohio-1406 at ¶ 8 (dismissing appeal). Kwambana may not use Civ.R. 60(B) as a vehicle for advancing a position that is plainly barred under Crim.R. 32.1.

{¶ 12} Since there is no error in the underlying proceedings and Kwambana is not entitled to any relief, we find the trial court did not err by denying the motion for relief from judgment under Civ.R. 60(B). There is no void in the criminal rules requiring the invocation of the civil rules. As a result, Kwambana's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.