[Cite as *State v. Ytuarte*, 2020-Ohio-1434.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-10-177 |
| | : | O P I N I O N |
| - vs - | | 4/13/2020 |
| | : | |
| BRANDON M. YTUARTE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-09-1466


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Brandon M. Ytuarte, #A725776, London Correctional Institution, P.O. Box 69, London, Ohio 43140, pro se


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Brandon Ytuarte, appeals a decision of the Butler County Court of Common Pleas denying his postsentence motion to withdraw his guilty plea.

{¶ 2} In October 2015, Ytuarte was charged with two felony offenses: first-degree aggravated robbery and second-degree felonious assault with both charges including firearm specifications. As part of a plea bargain, in 2016, Ytuarte pled guilty to the felonious

assault charge. The aggravated robbery charge and both firearm specifications were dismissed and Ytuarte was sentenced to a six-year prison term.[1]

{¶ 3} On direct appeal, Ytuarte argued that his plea was not knowing, voluntary or intelligent because the trial court failed to inquire into his mental state when it took his guilty plea. This court determined that the trial court followed the proper procedures to determine Ytuarte's plea was knowingly, voluntarily and intelligently made, and therefore affirmed Ytuarte's conviction on direct appeal. *State v. Ytuarte*, Butler No. CA2016-06-112, 2017-Ohio-683.

{¶ 4} On September 17, 2019, Ytuarte filed a pro se motion to withdraw his guilty plea. The motion alleged that Ytuarte received ineffective assistance of counsel during his plea because testimony at the preliminary hearing established that the state could only prove aggravated assault, but not felonious assault. He requested an order reducing his conviction from felonious assault to aggravated assault. The trial court denied the motion.

{¶ 5} Ytuarte now appeals the denial of his motion to withdraw his guilty plea and, in a pro se brief, raises four assignments of error for our review.

{¶ 6} I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING THE APPELLEE A SUMMARY JUDGMENT IN VIOLATION OF HIS ABSOLUTE RIGHT TO A PROCEDURAL DUE PROCESS OF LAW AS GU[A]RANTEED BY THE U.S. AND OHIO CONSTITUTION[S].

{¶ 7} II. IT WAS PREJUDICIAL ERROR IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW FOR THE TRIAL COURT TO GRANT THE STATE OF OHIO A SUMMARY JUDGMENT.

---

1. Ytuarte was originally sentenced to a mandatory six-year prison term, but was resentenced in 2019 to a non-mandatory six-year prison term based on the Ohio Supreme Court's determination that a juvenile offense cannot be used to enhance a penalty for a later crime. *See State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504.

{¶ 8} III. IT WAS PREJUDICIAL ERROR IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTION[S] FOR THE TRIAL COURT NOT TO ORDER AND CONDUCT AN EVIDENTIARY HEARING BEFORE RENDERING JUDGMENT IN THIS CASE.

{¶ 9} IV. IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT NOT TO REDUCE THE APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT TO ONE OF AGGRAVATED ASSAULT AND RENDER JUDGMENT ACCORDINGLY.

{¶ 10} Because Ytuarte's assignments of error are interrelated and each involve the trial court's decision to deny his motion to withdraw his guilty plea, we will address them together. We begin by noting that although Ytuarte argues the court erred in granting the state "a summary judgment," our review of the record shows that the trial court did not grant such a motion from the state. Instead, the court simply denied Yuarte's motion to withdraw his guilty plea.

{¶ 11} Pursuant to Crim.R. 32.1, "a defendant who seeks to withdraw a guilty plea after the imposition of the sentence has the burden of establishing the existence of a manifest injustice." *State v. Reeder*, 12th Dist. Butler Case Nos. CA2013-05-075 and CA2013-07-126, 2014-Ohio-2233, ¶ 23. Manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. Hendrix,* 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 13. "This sets forth an extremely high standard that is allowable only in extraordinary cases." *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 10. On appeal, a trial court's decision regarding a postsentence motion to withdraw a guilty plea is reviewed under an abuse of discretion standard. *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 15.

{¶ 12} However, we note that absent a remand from a higher court, a trial court is without jurisdiction to decide a motion to withdraw a plea once an appellate court has affirmed the appellant's conviction on direct appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94,97-98 (1978); *State v. Kwambana*, 12th Dist. Clermont No. CA2016-08-060, 2017-Ohio-1406, ¶ 6; *State v. Johnson*, 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 15; *State v. Asher*, 12th Dist. Butler No. CA2013-12-234, 2015-Ohio-724, ¶ 7. As the Ohio Supreme Court has stated, Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Special Prosecutors* at 98.

{¶ 13} We further find that to the extent that Ytuarte's motion relied on evidence outside the record, or could be construed as a motion for postconviction relief, the claims are barred by res judicata. The doctrine of res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding. *State v. Rose*, 2010-Ohio-5669, at ¶ 18. The information in the preliminary hearing that Ytuarte relies on to support his motion to withdraw his guilty plea existed at the time of his direct appeal and any claim regarding the validity of his plea could have been raised at that time.

{¶ 14} Moreover, we note that contrary to his argument on appeal, the record of the preliminary hearing, when read in context, does not support Yuarte's arguments that the facts supported only a conviction of aggravated assault. Therefore, he cannot establish that his trial counsel was ineffective and that a manifest injustice occurred. In addition, a trial court need not hold an evidentiary hearing on a postsentence motion to withdraw a guilty plea where the record indicates the movant is not entitled to relief. *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13

{¶ 15} Accordingly, we find no merit to any of Yuarte's arguments on appeal and his assignments of error are overruled.

{¶ 16} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.